IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

PAMELA LUALLEN,                    §
                                   §
          Plaintiff,               §
                                   §
VS.                                §   NO. 4:06-CV-585-A
                                   §
LAWRENCE McCONNELL, ET AL.,        §
                                   §
          Defendants.              §

MEMORANDUM OPINION
and
ORDER

     Before the court are two motions for sanctions against

defendants Roy D. Higgs, Earthly Mineral Solutions, Inc., Frank

Schwartz, and Rick Lawton (collectively, the "Nevada

Defendants").  The first motion, which was filed by plaintiff,

Pamela Luallen, on January 9, 2007, seeks entry of default and

default judgment against the Nevada Defendants.  The other, filed

January 19, 2007, by defendant Mark Ruttenberg ("Ruttenberg"),

seeks monetary sanctions against those defendants.  Essentially

the same facts form the basis of both motions.

I.

Facts on Which Motions Are Based

     On November 22, 2006, the court signed an order pursuant to

the authority of Rule 16, Federal Rules of Civil Procedure,

directing the parties to confer for the purpose of submitting a

Joint Status Report ("Report") to the court addressing certain

matters pertinent to the handling and resolution of this action.

The order directed plaintiff's counsel to initiate the conference

and file the Report, and that all counsel and <u>pro se</u> parties
participate in the conference and sign the Report.  Also, the
order required that, prior to the filing of the Report, the
parties and their respective lead counsel meet face-to-face to
discuss settlement of this action, and directed that the parties
include in the Report detailed information concerning the
settlement meeting.  To emphasize the seriousness of
noncompliance with the requirements of the order, the court
cautioned in the order that:

> Failure to timely submit the Joint Status Report or
> to cooperate in the preparation and the filing of the
> report or to participate as required in the settlement
> conference may result in the imposition of sanctions,
> including dismissal or entry of default without further
> notice.  <u>See</u> Fed. R. Civ. P. 16(f).
>
> . . . .
>
> Strict compliance with the terms of this order is
> required.  Should any party or counsel fail to cooperate
> in doing anything required by this order to be done,
> such party or counsel or both will be subject to
> sanctions, including dismissal or entry of default
> without further notice.  <u>See</u> Fed. R. Civ. P. 16(f).

Nov. 22, 2006, Order at 3, 8.

The Nevada Defendants failed to comply with the requirements
of the November 22 order.  On December 20, 2006, plaintiff,
Ruttenberg, and defendant Lawrence McConnell ("McConnell") filed
a Report in which they disclosed that (a) counsel for plaintiff
scheduled a meeting for December 18, 2006,[1] in his offices as
contemplated by the November 22 order, (b) all parties were

---

[1]The Report incorrectly gives as the date of the meeting
"January 18, 2006."  Joint Status Report filed Dec. 20, 2006, at 1.

2

informed of the proposed meeting, and (c) by letter of December 11, 2006, Lawton (who is an attorney), apparently acting for himself and the other Nevada Defendants, acknowledged receipt of the notification of the proposed December 18 meeting and informed the other parties that he did not plan to attend.   Joint Status Report filed Dec. 20, 2006, Ex. A.   In his letter, Lawton gave the following explanation:

> [A]s I have previously noted the "Order" filed the 22nd day of November, 2006 pertaining to a status report indicated <u>only</u> that "the parties and their respective lead counsel shall meet face-to-face to discuss settlement of this action." (page 2 of Order). The Order does not indicate the necessity of being in the Texas area.
>
> Please take notice that a meeting is scheduled at my Office at 3850 W. Ponderosa Way, Las Vegas, Nevada 89118 at !:30 [sic] p.m., to discuss the Joint Status Report and other matters required by the Court.

<u>Id.</u>   The Report filed December 20 further disclosed that plaintiff and her counsel, Ruttenberg and his counsel, and McConnell met at the scheduled time on December 18 in the offices of counsel for plaintiff for the purpose of engaging in the activities contemplated by the November 22 order.

After having received the Report filed December 20, the court signed an order on December 21, 2006, in which the court, after noting the refusal of the Nevada Defendants to cooperate, directed the parties as follows:

> The court ORDERS that at 10:00 a.m. on January 3, 2007, counsel for parties, and all <u>pro se</u> parties, meet at the offices of counsel for plaintiff, located at 1717 Main Street, Suite 4700, Dallas, Texas, to confer for the purpose of submitting a joint status report, as

3

contemplated by the order of November 22, 2006, and for
the preparation of a joint status report on a
cooperative basis, and that at 9:00 a.m. on January 4,
2007, the parties submit to the court a joint status
report, signed by each party, either through counsel or
in person, that provides all of the information
contemplated by the November 22, 2006, order to be
included in a joint status report, except that the
parties need not include in the report information
pertaining to a settlement conference.

     The court further ORDERS that:  At 9:00 a.m. on
January 4, 2007, the parties and their respective lead
counsel shall meet in the court's jury room on the
fourth floor of the United States Courthouse, Fort
Worth, Texas, face to face to discuss settlement of this
action.  Individual parties and their counsel shall
participate in person, not by telephone or other remote
means.  All other parties shall participate by a
representative or representatives, in addition to
counsel, who shall have unlimited settlement authority
and who shall participate in person, not by telephone or
other remote means.  If a party has liability insurance
coverage as to any claim made against a party in this
action, a representative of each insurance company
providing such coverage who has full authority to offer
to pay policy limits in settlement shall be present at,
and participate in, the settlement conference in person,
not by telephone or other remote means.  The court
expects the parties to comply with the requirements of
Local Civil Rule 16.3 that the parties make a good faith
effort to settle.  The parties shall confer relative to
settlement until 11:55 a.m. on January 4, 2007, unless a
settlement is reached before that time.  If a settlement
is reached before that time, the parties shall report
the settlement to the court immediately.  If a
settlement is not reached by 11:55 a.m., all persons who
have participated in the settlement conference will
appear in the courtroom before the court for the purpose
of reporting on settlement negotiations and answering
such questions as might be posed to them.

     The court further ORDERS that when the parties
appear before the court at the date and time
contemplated by the paragraph above, Roy D. Higgs,
Earthly Mineral Solutions, Inc., Frank L. Schwartz, Rick
Lawton, and their attorney shall be prepared to show
cause why sanctions, including contempt of court, should
not be imposed upon them for violating the directives of
the court's November 22, 2006, order.

Dec. 21, 2006, Order at 3-5.  To emphasize the importance of

compliance with the directives of the December 21 order, the court

concluded the order with the following warning:

> The court further ORDERS that failure to comply with this order, in any respect, may lead to the imposition of sanctions, including dismissal, or entry of default, without further notice.

Id. at 5.

The Nevada Defendants wholly failed to comply with the directives of the December 21 order.  The other parties and their counsel met as required at 10:00 a.m. on January 3, 2007, to confer for the purpose of submitting a Report, First Am. Joint Status Report filed Jan. 4, 2007, at 1, but none of the Nevada Defendants appeared, personally or through counsel, id.  When Lawton, as counsel for himself and the other Nevada Defendants, was reached by telephone at 10:15 a.m. on January 3 by counsel for plaintiff, he informed counsel for plaintiff that he did not plan to appear at the conference, that he had not hired local counsel,[2] and that he and his clients would not be appearing for the court-ordered settlement conference at 9:00 a.m. on January 4, 2007.  Id.

Lawton, on behalf of himself and the other Nevada Defendants, filed on January 3, 2007, a motion asking the court

---

[2]On December 15, 2006, Lawton filed a "Notice of Appearance" as attorney of record for himself and the other Nevada Defendants.  By order signed December 18, 2006, the court denied the request of Lawton to proceed without local counsel, and ordered that by December 29, 2006, the Nevada Defendants designate local counsel to represent them in this action, as contemplated by Rule 83.10 of the Local Civil Rules of this court.  The Nevada Defendants failed to comply with that order.  They still have not designated local counsel.  The first amended answer they filed on January 3, 2007, was signed by Lawton as their counsel but made no mention of the required local counsel.

6

to reconsider the requirements of the December 21 order, stating, inter alia, that:

> The defendants do not and have not violated this Courts [sic] order contemptuously of the Court. However, at the present time there are not funds available to have the Nevada Defendants retain local counsel or travel to Texas.  Nevada defendants therefore request a reconsideration of the 18 December 2006 and the 21 December 2006 orders.

Mot. to Reconsider Order at 3.  The allegation of lack of funds to retain local counsel or travel to Texas was not supported by the affidavit or declaration of anyone.[3]  The motion to reconsider was denied by order signed January 3, 2007.

Plaintiff and her counsel, Ruttenberg and his counsel, and McConnell, pro se, appeared as directed by the December 21 order for a settlement conference at 9:00 a.m. on January 4, 2007, and later that morning appeared before the court as required by the December 21 order.  None of the Nevada Defendants appeared.

II.

## The Ruttenberg Motion for Sanctions
## and the Ruling Thereon

---

[3]The Nevada Defendants were aware that evidentiary support for a motion could be provided by an affidavit, as is evidenced by the affidavits supporting the documents filed by those parties on September 21 and 26, 2006, challenging the court's jurisdiction and the request to stay entry of default filed by Earthly Mineral and Lawton on September 26, 2006.  The court notes with interest the statement made by Lawton in his affidavit in support of the September 26 request for stay of entry of default that Lawton had the funds to be in Mexico for much of the month of September 2006 "on business relative to Earthly Mineral Solutions Inc. obtaining purchase orders of products that it intends to produce." Def.'s Request to Stay Entry of Default at 4-5, ¶ 9.  In that same document Lawton swore that he was in the process of seeking local counsel.  Nothing in Lawton's affidavit hinted that he or any other Nevada Defendant had insufficient funds to do whatever needed to be done.

Ruttenberg's motion seeks recovery of the financial loss he incurred by reason of (a) his travel between his place of residence in the State of Illinois and the State of Texas so that he would be in compliance with the November 22 order and again so that he would be in compliance with the December 21 order, (b) the legal expenses he incurred as a result of the activities of his attorneys in response to the requirements of the two orders, and (c) the legal expense he incurred for preparation of the motion.  He provides proof in the form of statutory declarations of him and his attorneys establishing the amounts of his travel expenses and attorneys' fees incurred.  The total of his travel expenses for the two trips is $1,520.02.  The legal expenses he incurred, the reasonableness of the expenses, and the necessity for those expenses to be incurred for Ruttenberg to properly respond to the two orders of the court are established by the declarations of the attorneys at $575.00 related to the activities required by the November 22 order, $2,300.00 related to the activities required by the December 21 order, and $3,863.00 related to preparation of the motion for sanctions, for a total of $8,258.02.

On January 19, 2007, the court signed an order directing the Nevada Defendants to file a response to Ruttenberg's motion for sanctions.  They responded by a document filed January 29 titled "Reply to Defendant Mark Ruttenberg's Motion for Sanctions." Basically, the response acknowledged that Ruttenberg's request

for sanctions would be appropriate if the Nevada Defendants
possessed sufficient funds to appear in Texas.[4]  But, the
response was not accompanied by an affidavit or declaration, or
anything of an evidentiary nature, that would enable the court to
find that any of the Nevada Defendants was without funds
sufficient to enable the defendant to comply with the November 22
and December 21 orders of the court.  Therefore, the Nevada
Defendants have not shown any reason why sanctions should not be
imposed on them.

Rule 16(f) of the Federal Rules of Civil Procedure provides,
in pertinent part, as follows:

> If a party or party's attorney fails to obey a
> scheduling or pretrial order, or <u>if no appearance is
> made on behalf of a party at a scheduling or pretrial
> conference</u>, . . . the judge, upon motion or the judge's
> own initiative, may make such orders with regard
> thereto as are just, and among others any of the orders
> provided in Rule 37(b)(2)(B), (C), (D).  In lieu of or
> in addition to any other sanction, the judge shall
> require the party or the attorney representing the
> party or both to pay the reasonable expenses incurred
> because of any noncompliance with this rule, including
> attorney's fees, unless the judge finds that the
> noncompliance was substantially justified or that other
> circumstances make an award of expenses unjust.

Fed. R. Civ. P. 16(f) (emphasis added).  As Rule 16(f)
authorizes, the court is ordering as a sanction that the Nevada
Defendants, jointly and severally, pay the reasonable expenses
necessarily incurred by Ruttenberg because of their noncompliance

---

[4]The response concludes with the statement that "[i]t is clear such
funds should be assessed against Nevada Defendants should the Court
determine that lack of funds is insufficient bases to fail to follow the
Court order."  Resp. ("Reply") filed Jan. 29, 2007, at 3.

with the November 22 and December 21 pretrial orders.  The court
finds and concludes that no lesser sanction would adequately
address the improper conduct of the Nevada Defendants, as
described in this order.  The court finds that the expense
amounts mentioned above are reasonable expenses that Ruttenberg
necessarily incurred because of noncompliance by the Nevada
Defendants with the court's orders.  The activities in which
Ruttenberg and his attorneys engaged in response to the
directives of those orders proved to be unproductive due to such
noncompliance.  The court cannot find that the noncompliance was
substantially justified or that there is any circumstance making
an award of expenses unjust.

III.

### The Motion for Sanctions Filed by Plaintiff and the Ruling Thereon

As did Ruttenberg's, plaintiff's motion seeks sanctions
against the Nevada Defendants based on their failures to comply
with the November 22 and December 21 orders.  Plaintiff asks for
(a) an order striking the first amended answer filed by the
Nevada Defendants, (b) entry of default against those defendants,
and (c) rendition of default judgment against those defendants
awarding plaintiff recovery against them of $198,096.75 as
trebled damages, prejudgment interest, costs of court, attorneys'
fees of $68,017.50, and post-judgment interest.

On January 18, 2007, the court signed an order directing the
Nevada Defendants to file a document by January 25, 2007, showing

cause, if any they have, why the relief sought by plaintiff's motion should not be granted.  Coincidentally, on January 18 the Nevada Defendants filed their opposition to plaintiff's motion. They argued that the sanctions sought by plaintiff are too harsh. In conclusion, the Nevada Defendants returned to their financial-inability theme, stating "[i]t is defendants [sic] position is [sic] that any non-compliance in the case a [sic] bar is based solely upon the financial abilities of the defendants."  Opp'n filed Jan. 18, 2007, at 7.  As has been true in all filings made by the Nevada Defendants in which they have contended that they lacked the financial resources with which to comply with the court's orders, their opposition to plaintiff's motion was not supported by an affidavit or declaration of anyone.  No further response to plaintiff's motion was filed.

The court has concluded that plaintiff's motion should be granted at this time to the extent that it asks that the first amended answer of the Nevada Defendants be stricken and that entry of default by the clerk be ordered; and, the court has decided that the request for default judgment should be held in abeyance pending a possible hearing.  In addition, and as a further sanction, the court is awarding plaintiff recovery from the Nevada Defendants, jointly and severally, of $6,000.00 as a reasonable fee for the time counsel for plaintiff necessarily have devoted to work that turned out to be unproductive because of the failure of the Nevada Defendants to comply with the

directives of the November 22 and December 21 orders and time counsel devoted to preparation of plaintiff's motion.   In arriving at the $6,000.00 amount, the court has relied on its judicial knowledge of what a reasonable fee would be, at the least, for legal work that necessarily would be devoted to the matters mentioned in the immediately preceding sentence.   The court plans, as a further sanction, to render a default judgment for plaintiff against the Nevada Defendants in an amount to be determined after further proceedings.

The court finds and concludes that the sanctions mentioned above in favor of plaintiff are appropriate considering the improper conduct of the Nevada Defendants, as described in this order.   No lesser sanctions would adequately address the conduct of those defendants as it has affected plaintiff.

*     *     *     *     *     *

In determining what would be appropriate sanctions in this case, the court has evaluated the amount of interference with the judicial process caused by the conduct of the Nevada Defendants, their repeated violations, their frivolous contentions, and their failure, though given ample opportunities, to provide any proof whatsoever of financial inability to comply with the orders of the court.   The court has taken into account that the Nevada Defendants made conscious choices not to cooperate with the other parties and to disregard the obligations under orders of this court.   Also, the court has taken into account the warnings the

12

court gave the parties that noncompliance with the orders at issue could result in sanctions, including entry of default, without further notice.  The repeated violations of the Nevada Defendants cause the court to believe that they have no intent in the future to fulfill their obligations to the court or to adhere to requirements imposed on them by orders of the court.  The court concludes that all sanctions imposed by this order are just under the circumstances.

IV.

Order

For the reasons given above,

The court ORDERS that by February 28, 2007, the Nevada Defendants, jointly and severally, pay $8,258.02 to Ruttenberg in reimbursement for the expenses he has incurred, as outlined above.

The court further ORDERS that the First Amended Answer filed in this action on January 3, 2007, by the Nevada Defendants be, and is hereby, unfiled and stricken from the records of this action.

The court further ORDERS that the clerk enter default in favor of plaintiff against the Nevada Defendants.

The court further ORDERS that by February 28, 2007, the Nevada Defendants, jointly and severally, pay $6,000.00 to plaintiff in reimbursement for the expenses she has incurred, as explained above.

13

SIGNED February 1, 2007.


                                     /s/ John McBryde
                                 JOHN McBRYDE
                                 United States District Judge